IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH MATTHEWS,<br>    *Plaintiff* | § § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| TARRANT COUNTY COMMUNITY<br>COLLEGE DISTRICT and EUGENE<br>GIOVANNINI, Ed. D.<br>    *Defendants* | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joseph Matthews files this Original Complaint, complaining of Defendants, Tarrant County College District and Eugene Giovannini, Ed.D., individually and acting in his official capacity as Chancellor of the Tarrant County College District, and in support thereof, would respectfully show the Court as follows:

### INTRODUCTION

Joe Matthews was director of printing services for the Tarrant County College District ("TCCD"), until he was terminated without warning, without good cause, without written notice of the accusations against him, and without a hearing.

TCCD and its Chancellor deprived Mr. Matthews of not only his employment, but of his Second Amendment right to keep and bear arms, in violation of TCCD's own policies and the Constitution of the United States. TCCD fired Mr. Matthews during the term of a written one-year contract, without providing any procedural due process prior to the effective date of termination. Indeed, they have still not provided any procedural due process, in violation of their own policies, which require them to give an employee "reasonable notice in writing" of the grounds for dismissal

before the employee is dismissed, and to make a determination of good cause "prior to dismissal."

In firing Mr. Matthews, TCCD and its Chancellor erroneously applied a Texas Penal Code provision, thereby unconstitutionally invading and violating Mr. Matthews' Second Amendment right to keep and bear a firearm. Mr. Matthews legally carries a small handgun, as a concealed weapon, which was known to all employees in the building where he worked. During TCCD's pandemic-related shut-down this summer, only four people were working in the printing department, including Mr. Matthews. Dress codes were relaxed, and Mr. Matthews began wearing shorts to work, with his holstered firearm concealed by his shirt.

Mr. Matthew has a private office, with two doors. One door opens into a hall, directly across from the door to the men's room. Rather than having his handgun in his shorts' belt while he used the men's room, Mr. Matthews took the handgun out of its holster, put it out of direct sight of the main door to his office, near the riser for his standing desk, and stepped across the hall. While he was out of his office in the men's room, another employee entered his office uninvited, took a photo of the handgun near Mr. Matthew's desk, and made a complaint to the district's human resources department.

In response, on July 27, 2020, human resources put Mr. Matthews on administrative leave, launched a so-called investigation, which never involved interviewing Mr. Matthews, and within 48 hours had terminated Mr. Matthews' employment. Mr. Matthews' attempt to have TCCD's Chancellor reverse the termination, although supported by Mr. Matthews' immediate superior, was denied. On August 10, 2020, an officer from TCCD's campus police contacted Mr. Matthews as part of a criminal investigation, and after taking his statement, told Mr. Matthews that matter would be turned over to the Tarrant County District Attorney.

Mr. Matthews brings this lawsuit to remedy these violations of his rights, as set forth below.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1367; 42 U.S.C. § 1983; and the Second and Fourteenth Amendments to the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all or a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

2. Pursuant to 42 U.S.C § 1983, Plaintiff alleges herein one or more ongoing violations of federal law, and seeks prospective relief, declaratory and injunctive, against a state actor in his official capacities.

## II. PARTIES

3. Plaintiff Joseph Matthews is a Texas citizen and at all relevant times resided in Tarrant County, Texas.

4. Defendant Tarrant County College District ("TCCD") is a community college district organized and existing pursuant to the laws of the State of Texas for the purpose of operating a system of community colleges in and around Tarrant County, Texas. Also, TCCD is a "state actor" within the meaning of the United States Constitution and the actions complained of herein comprise "state action," and were taken under color of law. The address of TCCD's administrative offices is 1500 Houston Street, Fort Worth, Tarrant County, Texas 76102. TCCD may be served with process by serving its Chancellor, Eugene Giovannini, Ed.D., at the foregoing address.

5. Defendant Eugene Giovannini, Ed.D., ("Dr. Giovannini") is a Texas citizen and at all relevant times resided and/or was employed in Tarrant County, Texas. He is Chancellor of Defendant TCCD, and is a "state actor" within the meaning of the United States Constitution. His actions complained of herein comprise "state action," and were taken under color of law. Dr.

Giovannini may be served with process at 1500 Houston Street, Fort Worth, Tarrant County, Texas 76102.

### III. FACTUAL BACKGROUND

6. Plaintiff Joseph Matthews ("Plaintiff" or "Mr. Matthews") worked in TCCD's printing department for eight years. For the first few years, he was coordinator of printing services, and was then promoted to director of printing services. He had been in such position for approximately three years as of July 2020, and had always enjoyed the support of his immediate supervisors, with outstanding performance reviews. During July 2020, he was employed pursuant to a one-year contract, which had not yet expired.

7. In spring of 2020, although TCCD was officially closed due to the COVID-19 pandemic, a skeleton crew continued to keep printing services functioning, for the production of necessary documents, including spring diplomas. Mr. Matthews, as director, was one of only four people working in printing services in the summer of 2020.

8. Mr. Matthews has a private office, with two doors – one which opens onto the printing floor, and the other which opens into a hallway, where a men's room is only a few feet away. He has a desk with a riser. He also has a license to carry a handgun.

9. During Mr. Matthews' tenure as director of printing services, he and his department, along with the employees of TCCD's technical processing department, which shares a building with printing services, attended a mandatory training. The training was to prepare TCCD employees for reacting to a campus shooting. The instructors of the training course announced to all present that Mr. Matthews carried a concealed handgun. All of the employees working in printing services during July 2020 had been part of such training, and thus were aware that Mr. Matthews carried a concealed handgun.

10. During the summer months, even when TCCD is open, there are reduced hours, including a four-day-per-week schedule. This summer, with the campus officially closed, the printing department was also on a relaxed dress code, and Mr. Matthews wore golf shorts and polo shirts to work. As a result, he wore his small 380 caliber handgun in a holster on a thin leather belt, with his polo shirt over it, rather than on a thick leather belt in starched jeans, as was normally his practice.

11. On Thursday, July 23, 2020, not wanting to have the gun weighing down the belt of his shorts as he used the men's room, Mr. Matthews removed his gun from the holster. He laid it carefully near the riser of his standing desk, where it was out of sight from the doorway between his office and the shop floor. He then stepped across the hall to the men's room. When he returned to his office, he replaced the gun in its holster on his belt.

12. On Monday, July 27, 2020, the head of TCCD's human resources department called Mr. Matthews to tell him there had been a complaint about his handgun being left on his desk. She said she had a photo. She said there would be an investigation, but that he was now on administrative leave, with pay.

13. On Wednesday, July 29, 2020, TCCD's Chancellor, Dr. Eugene Giovannini, wrote a letter to Mr. Matthews, informing him that his employment was terminated. According to Dr. Giovannini, Mr. Matthews was being terminated as a "result of serious misconduct . . . which put others in potential danger and could have been construed as an act of intimidation." The letter accused Mr. Matthews of violating TCCD policy and "the Concealed Campus Carry Regulations," specifying the following provisions:

> **DH (Local) Rules of Conduct**: Examples of offenses that may warrant immediate discharge are as follows:

    9. Illegal or unauthorized possession of a weapon on College District property.

**Texas Penal Code Section 46.035 (a)(a-1)**: . . . a license holder commits an offense if the license holder carries a partially or wholly visible handgun, regardless of whether the handgun is holstered, on or about the license holder's person under the authority of Subchapter H, Chapter 411, Government Code, and intentionally or knowingly displays the handgun in plan [sic] view of another person:

    (1) On the premises of an institution of higher education or private or independent institution of higher education.

14.    As set forth above, Mr. Matthews did not violate either of these provisions, and certainly never committed any intimidating act. He never "intentionally or knowingly display[ed]" his handgun in plain view of anyone. Instead, he lay it near a riser in his private office, where it was specifically not visible from the doorway of his office.

15.    Not only were the charges against Mr. Matthews false, they were required to be provided to Mr. Matthews <u>before</u> he was terminated, not in his termination letter. TCCD's policy DMAA (LEGAL) states that "<u>Before</u> any employee is dismissed, the employee shall be given reasonable notice <u>in writing</u> of the proposed action and the grounds, set out in sufficient detail to fairly enable him or her to show any error that may exist."(emphasis added). If the employee requests a hearing, then "<u>prior to dismissal</u>, the board shall determine the existence of good cause for termination." *Id.* (emphasis added). Dr. Giovannini failed to provide Mr. Matthews reasonable notice in writing before he was terminated, which violated TCCD's policy DMAA (LEGAL). Moreover, there was no determination of good cause by TCCD's board "prior to dismissal," as required by the same policy. Indeed not only TCCD's policies, but the United States Constitution,

requires a due process hearing prior to termination. *Ferguson v. Thomas*, 430 F.2d 852 (5th Cir. 1970).

16. By email dated July 30, 2020, Mr. Matthews informed TCCD that he intended to appeal his termination. Separately, as the head of human resources had informed him he could do, Mr. Matthews contacted his immediate supervisor, TCCD's vice-chancellor of internal and external communications, to seek his help. Mr. Matthews asked the vice-chancellor to speak directly to Dr. Giovannini, to explain the situation and ask that the termination be reversed. On Friday, August 7, 2020, the vice-chancellor told Mr. Matthews that Dr. Giovannini would not reverse the termination. Upon information and belief, Dr. Giovannini refused to reverse the decision based on prior situations where employees had brandished a weapon and been fired on the spot.

17. On Monday, August 10, 2020, an officer from TCCD's campus police called Mr. Matthews to tell him that a criminal investigation was taking place regarding Mr. Matthews and his handgun. The officer took Mr. Matthews' statement, and stated he was going to go inspect Mr. Matthews' office in person, and then turn the matter over to the Tarrant County District Attorney. The officer warned Mr. Matthews that a warrant might be issued for his arrest, and told him what to expect if that occurred.

18. The conduct of Dr. Giovannini has been entirely unnecessary and unjustified, and neither required nor permitted by TCCD policy or Texas law. Moreover, these actions have violated Mr. Matthews' rights to due process as provided by TCCD policy, to due course of law under the Texas Constitution, and to due process under the Constitution of the United States. Mr. Matthews has a property interest in his employment, which has been denied him without due

process. He has a right to bear arms under the Second Amendment to the Constitution, and despite complying with Texas law, he has lost his job based on his exercise of such right.

## VI. CAUSES OF ACTION

19.     *Alternative Pleadings*.  To the extent necessary, each of the claims set forth below is pleaded in the alternative.

### Count 1: Violation of 42 U.S.C. § 1983

20.     42 U.S.C. § 1983 prohibits Defendants from depriving Plaintiff of his rights, privileges, and/or immunities secured under the United States Constitution.  All of the wrongful conduct by Defendants, as described herein, is a result of the policies of Defendant TCCD, as written and/or as applied to Plaintiff.  Additionally, all of the wrongful conduct described herein was caused by policymakers of Defendant TCCD, including Dr. Giovannini, and their conduct was sanctioned, through action and/or inaction, by TCCD's Board of Trustees, Defendant Dr. Giannini, and others, all singularly or collectively acting as policymakers for Defendant TCCD in this case.

### A. Violations of the United States Constitution, Second and Fourteenth Amendments: Right to Bear Arms.

21.     As set forth above, Defendants deprived and/or improperly diminished Plaintiff's right to bear arms, as secured by the Second Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment. Through unconstitutional application of Chapter 46 of the Texas Penal Code Statute, and misapplication of TCCD's own policies, Defendants infringed upon Plaintiff's right to possess and carry a firearm under a license issued by the State of Texas.

22. The foregoing complained of conduct was becoming and/or had become the policy, practice, and/or custom through policymakers for TCCD, including Dr. Giovannini. Indeed, Dr. Giovannini claimed to be applying TCCD's policies in his termination letter. Additionally or alternatively, such complained of conduct was an act of, caused to happen, and/or ratified by policymakers for TCCD and/or persons to whom TCCD effectively delegated policymaking authority, through action and/or inaction. Additionally or alternatively, through TCCD's Board of Trustees, other designated policymakers, and/or persons to whom TCCD effectively delegated policymaking authority, TCCD established policies that were implemented and/or executed in such a manner as to violate Plaintiff's protected constitutional rights. Defendants' actions were taken under color of state law and/or as a state actor.

23. Defendants' conduct constitutes violations of Plaintiff's right to keep and bear arms and/or constitutes retaliation against Plaintiff for exercising and/or attempting to exercise his protected constitutional right to keep and bear arms. As a result of Defendants' conduct, Plaintiff has been injured and/or damaged, and hereby seeks to recover his damages from Defendants in an amount that is within the jurisdictional limits of this Court and to recover any and all other remedies afforded and/or available under law and/or in equity, including but not limited to injunctive relief, equitable relief, and his attorneys' fees and costs.

**B.    Violations of the United States Constitution, Fifth and Fourteenth Amendments: Procedural and Substantive Due Process.**

24. As set forth above, Defendants deprived and/or improperly diminished Plaintiff's right to procedural and substantive due process, as secured by the Fifth and Fourteenth Amendments to the United States Constitution.

25. Defendants violated Plaintiff's right to procedural due process by failing and/or refusing to conduct, or even attempt to conduct, a thorough and timely investigation into the allegations and accusations made against Plaintiff that formed the basis of his termination, and such failure and/or refusal included not questioning or interviewing Plaintiff. Defendants never provided Plaintiff with the reasons he was being terminated before terminating him, in violation of TCCD policy and in violation of Plaintiff's constitutional rights

26. Defendants' actions deprived Plaintiff of his property interest in his employment contract, and in his liberty interest in his good name. As set forth above, Defendants have caused a criminal investigation to begin, through which false and stigmatizing allegations against Plaintiff have been or will be publicized to the Tarrant County District Attorney's office.

27. Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by failing and/or refusing to provide Plaintiff with a full due process hearing prior to his termination, depriving and/or improperly diminishing: (1) Plaintiff's protected rights under the Second Amendment; (2) Plaintiff's protected liberty interest in his good name and reputation, as well as his ability to pursue his chosen profession; (3) Plaintiff's protected property interest in his employment contract, his performance thereof, and his rights thereunder; (4) Plaintiff's protected property interest in TCCD's policies, procedures, guidelines, rules, and/or regulations; and (5) Plaintiff's right to be free from retaliation for exercising such protected rights. Defendants impinged, deprived, and/or improperly diminished all of Plaintiff's foregoing protected interest and freedoms without due process of law.

28. Additionally or alternatively, Defendants violated Plaintiff's right to procedural due process by preventing him any meaningful opportunity to be heard. Defendants failed and/or refused to provide Plaintiff with the minimal procedural due process and/or the procedural redress

system incorporated into TCCD's policies, procedures, guidelines, rules, and/or regulations, effectively denying Plaintiff the due process rights to which he was entitled, thus, violating his right to procedural due process guaranteed by the United States Constitution.

29. Additionally, Plaintiff possesses a claim against Defendants for violation of substantive due process for Defendants' arbitrary, capricious, unreasonable, and/or irrational actions against taken him, as set forth in more detail above. Additionally or alternatively, Plaintiff has been deprived of his protected and fundamental rights without due process of law in an arbitrary, capricious, unreasonable, and/or irrational manner.

30. Defendants' actions and/or conduct further constitute a deprivation of due process, as each and all of the above acts and/or omissions were made in recognition of, as a part of, and/or as a result of the policies, practices, and/or customs of TCCD, created by or through policymakers and/or persons to whom Defendant TCCD effectively delegated policymaking authority.

31. Defendants' conduct constitutes violations of Plaintiff's rights to procedural and substantive due process. As a result of Defendants' conduct, Plaintiff has been injured and/or damaged. Dr. Giovannini is liable in his individual capacity because his conduct described herein violates clearly established statutory or Constitutional rights of which a reasonable person would have known at the time of the transgressions. Dr. Giovannini purported to be acting under color of law and was a state actors within the meaning of the Fourteenth Amendment of the Constitution of the United States. His actions were arbitrary and capricious, manifestly unjust and were clear violations of clearly established constitutional and statutory law.

32. Accordingly, Plaintiff seeks to recover his damages from both Defendants in an amount that is within the jurisdictional limits of this Court and to recover any and all other

remedies afforded and/or available under law and/or in equity, including but not limited to injunctive relief, equitable relief, and his attorneys' fees and costs.

### Count 2 : Pendant State Law Claim for Breach of Contract

33. As set forth above, Defendant TCCD breached Plaintiff's employment contract by failing and/or refusing to abide by and/or comply with the terms thereof. TCCD's policies, procedures, guidelines, rules, and/or regulations, which are incorporated into and made a part of Plaintiff's employment with TCCD, provide express contractual terms regarding Plaintiff's employment, including its term. TCCD breached Plaintiff's employment contract by terminating such contract during its term, and by not adhering to its own policies, procedures, guidelines, rules, and/or regulations in doing so. TCCD's conduct and/or actions constitute a breach of Plaintiff's employment contract. As a result of TCCD's breach, Plaintiff was denied rights, benefits, and/or remedies contractually afforded to Plaintiff by his contract, as well as by TCCD's policies, procedures, guidelines, rules, and/or regulations. As a result of TCCD's conduct, Plaintiff has been injured and/or damaged, and hereby seeks to recover his damages from TCCD in an amount that is within the jurisdictional limits of this Court and to recover any and all other remedies afforded by Chapter 38 of the Texas Civil Practice and Remedies Code and/or under law and/or in equity, including but not limited to equitable relief and his attorneys' fees and costs.

### VII. DAMAGES AND REMEDIES

34. *Damages or Relief Sought*. By this suit, Plaintiff, Joseph Matthews, is seeking actual damages (including economic damages and non-economic compensatory damages for emotional pain, mental anguish, loss of enjoyment of life, damage to reputation and humiliation). The acts and omissions of Defendants complained of herein were committed intentionally, knowingly, and/or maliciously, in complete disregard of the rights and welfare of the Plaintiff (and with reckless

indifference to rights of the aggrieved individual protected under federal and state laws).  Dr. Giovannini violated clearly established Constitutional rights, as set forth herein, under the Fourteenth, Fifth, and Second Amendments. Additionally or alternatively, Defendants acted with the degree of malice necessary to award exemplary or punitive damages.  Such damages should be awarded in this case against Defendant Giovannini for the good of the public to make an example of Dr. Giovannini and to punish him as allowed by law and public policy. Accordingly, in addition to any other relief, Plaintiff seeks the recovery of exemplary damages from Defendant Giovannini.

35. *Attorneys' Fees and Costs*.  The Plaintiff has retained the law firm of Hill Gilstrap, P.C. to represent him in connection with this matter, and has agreed to pay the law firm any and all reasonable and necessary attorneys' fees and costs in connection with such representation. Plaintiff is entitled to and seeks to recover his reasonable and necessary attorneys' fees and costs incurred and to be incurred in bringing this suit and in all appeals of this suit, as permitted by law, in equity, and/or pursuant to 42 U.S.C. §§ 1983 and 1988(b).  Additionally, pursuant to 42 U.S.C. § 1988(c), Plaintiff seeks to recover any and all expert fees, which he incurs and/or may incur in bringing this suit.

36. *Interest*.  The Plaintiff is also entitled to and seeks to recover prejudgment and postjudgment interest at the maximum rate permitted by law.

37. *Injunctive and Declaratory Relief*.  The Plaintiff also seeks injunctive and declaratory relief requiring TCCD to reinstate him as director of printing services, declaring that his termination was in violation of TCCD policy and his constitutional rights, and prohibiting TCCD and Defendant Giovannini from further adverse employment action resulting from the matters made the basis of this complaint, or in retaliation for Plaintiff bringing this action

## VIII. CONDITIONS PRECEDENT

38. All conditions precedent to the Plaintiff's recovery on the claims alleged herein have been performed or have occurred.

## IX. JURY DEMAND

39. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests trial by jury.

### Prayer for Relief

ACCORDINGLY, the Plaintiff, Joseph Matthews, respectfully requests:

(a) injunctive and declaratory relief requiring TCCD to reinstate him as director of printing services, declaring that his termination was in violation of TCCD policy and his constitutional rights, and prohibiting TCCD and Defendant Giovannini from further adverse employment action resulting from the matters made the basis of this complaint, or in retaliation for Plaintiff bringing this action;

(b) judgment against Defendants TCCD and Giovannini for actual damages (including economic damages and non-economic compensatory damages for emotional pain, mental anguish, loss of enjoyment of life, damage to reputation and humiliation);

(c) judgment against Defendant Giovannini for exemplary damages in the maximum amount that may be awarded under applicable law;

(d) judgment against Defendants for court costs and his attorneys' fees;

(e) judgment against Defendants for pre-judgment and post-judgment interest, as allowed by law; and

(f) such other and further relief, both general and special, at law or in equity, to which he may be justly entitled.

DATED: August 13, 2020.

        Respectfully submitted,

        */s/ Frank Hill*
        Frank Hill      SBN 09632000
        fhill@hillgilstrap.com

        HILL GILSTRAP, P.C.
        1400 W. Abram St.
        Arlington, Texas 76013
        (817) 261-2222
        (817) 861-4685 FAX

        **ATTORNEY FOR PLAINTIFF**